UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELZBIETA MALEK, ) | |
| ) | Case No. 1:20-cv-06922 |
| Plaintiff, ) | |
| ) | Jury Trial Demanded |
| vs. ) | |
| ) | |
| DOVENMUEHLE MORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Elzbieta Malek ("Malek"), by and through her undersigned attorneys, for her complaint against Dovenmuehle Mortgage, Inc. ("DMI"), states:

### NATURE OF THE ACTION

1. DMI, a default mortgage loan servicer, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), when it communicated with Malek to collect a consumer debt and falsely stated that Malek owed a debt discharged in bankruptcy and used a business name other than of its own.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred by 28 U.S.C. §1331 as this action arises under FDCPA.

3. Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b)(2) because DMI conducts business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

### PARTIES

4. Malek is a natural person who resides in Round Lake, Illinois.

1

5. DMI is a foreign corporation formed under the laws of the State of Delaware. Dovenmuehle has a principal place of business located at 1 Corporate Drive, Suite 350, Lake Zurich, Illinois 60047.

6. DMI is a large mortgage subservicing company which services consumer residential loans on behalf of commercial banks, savings banks, credit unions, insurance companies, mortgage banking companies and state and local housing finance agencies nationwide, in the State of Illinois.

7. At all times relevant, DMI acted as the agent and mortgage loan servicer for BMO Harris Bank ("BMO").

8. As of September 11, 2020, DMI became the servicer for mortgage debt allegedly owed by Malek to BMO. This debt had been incurred by Malek as a home equity loan secured by a second mortgage lien on Malek's personal, primary residence.

9. At the time that DMI became the servicer for BMO, the debt allegedly owed by Malek was in default.

10. Malek is a "consumer" as defined in 15 U.S.C. § 1692a(3) because she is a natural person from whom DMI sought to collect a debt allegedly incurred for personal, family, or household purposes. Here the debt was alleged to have been a second mortgage on Malek's principal residence.

11. DMI is a "debt collector" as defined by the FDCA, 15 U.S.C. § 1692(a)(6) because it regularly collects debts owed to others and is engaged in the business of collecting debts on behalf of others.

12. DMI regularly uses the mail to collect or attempt to collect debts on behalf of others.

## BACKGROUND FACTS AND BASIS FOR CLAIMS

13. By letter dated September 23, 2020, using BMO's name, logo and letterhead, DMI communicated with Malek and provided Malek a validation notice in connection with the mortgage debt it alleged Malek is owed. A true and correct copy of this letter is attached as ***Exhibit 1***. DMI references this alleged debt as Loan Number xxxxxx7779.

14. DMI's letter dated September 23, 2020 is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. Section 1692e of the FDCPA provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of—
>
>     (A) the character, amount, or legal status of any debt;
>
> . . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> . . . .
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company or organization.

16. DMI sent the September 23, 2020 letter, ***Exhibit 1***, using the name of BMO instead of its own name.

17. The address referenced in the September 23, 2020 letter is Dovenmuehle's address and is not the address of BMO.

18. DMI's September 23, 2020 letter is a violation of Section 1692e(14) of the FDCPA.

19. DMI's letter states "[a]s of the date of this letter, you owe $23,094.53."

20. As of September 23, 2020, Malek did not owe BMO or DMI $23,094.53 or any amount for Loan Number xxxxxx7779, all debt owed to BMO having been discharged in bankruptcy pursuant to 11 U.S.C. § 727. A true and correct copy of the Bankruptcy Discharge entered in Malek's Chapter 7 Bankruptcy case on December 18, 2012 by the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division in Case No. 12-35811 is attached as ***Exhibit 2***.

21. Loan Number 4100007779 was included in Malek's bankruptcy case and was discharged. BMO was given notice of the discharge order. See Certificate of Notice, ***Exhibit 3***.

22. DMI's statement that Malek owed $23,094.53 in the September 23, 2020 letter, ***Exhibit 1***, was a false representation of the character of the debt and used a false representation in an attempt to collect a debt from Malek.

23. DMI's September 23, 2020 letter is a violation of Section 1692e(2) and (10) of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

24. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

25. Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

26. DMI violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Malek's discharged Loan Number xxxxxx7779) not permitted by 11 U.S.C. § 524(a)(2).

27. Pursuant to 15 U.S.C. § 1692k(a)(1), Malek is entitled to recover actual damages from DMI.

28. Malek suffered actual damages because she was denied the fresh start contemplated by the Bankruptcy Code.

29. Upon receipt of DMI's letter, Malek was confused and led to believe that her bankruptcy had been for naught. She became upset and distressed. She had to contact her attorney and take time to address the matter and seek the advice of counsel.

30. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Malek is entitled to recover from DMI statutory damages of up to $1,000.

31. Pursuant to 15 U.S.C. § 1692k(a)(3), Malek is entitled to recover from DMI costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against DMI, as follows:

    a.    Declaring that the conduct of DMI as alleged herein is unlawful and violates the FDCPA, 15 U.S.C. § 1692e, § 1692f and § 1692g;

    b.    Awarding Plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be proven at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding any other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

*Respectfully submitted,*

**ELZBIETA MALEK**

By: /s/ *Rusty Payton*
Rusty Payton
PAYTON LEGAL GROUP
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal


Arthur C. Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Avenue
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com